Juan Monge Hernández et ux., Plaintiffs and Appellants, v. Eladio Rodríguez Portela et ux., Defendants and Appellees.

No. 5632.   Argued April 26, 1932.—Decided July 19, 1933.

*R. H. Blondet* for appellants.   *L. Feliú* for appellees.

Mr. Justice Hutchison delivered the opinion of the Court.

Plaintiffs brought this action to recover from defendants the sum of $20,000 or to compel the transfer by defendants to plaintiffs of a certain mortgage, and for damages and costs.   Plaintiffs alleged that they had purchased from defendants in 1920 a certain tract of land for $55,000; that they paid $20,000 and executed a mortgage to secure the balance of the purchase price; that in order to raise the $20,000 they had executed a mortgage on certain other properties in favor of the Banco Popular; that in 1921, the defendant, Eladio Rodríguez, repurchased the property at the same price paid for it by plaintiffs in 1920, but retained possession of the $20,000 upon the understanding that he would pay the mortgage held by the bank; that in the deed of reconveyance, plaintiffs acknowledged that they had received from Eladio Rodríguez

this amount, notwithstanding the fact that he had never paid the same to them nor to anyone else; and that plaintiffs did this because of their close friendship with Rodríguez, who, taking advantage of their good faith and of Monge's mental derangement, did not pay the bank mortgage, but appropriated the said amount and invested it in a certain mortgage which belongs to plaintiffs. The second and third counts were for damages arising out of substantially the same facts.

At the trial plaintiffs introduced in evidence the deed of reconveyance to Rodríguez, and the bank mortgage. The testimony of the first witness to the effect that Rodríguez had not paid the $20,000 in cash was stricken from the record on motion of defendants. Plaintiffs then stated that all of their evidence on this point was oral. The district judge held that the recital in the deed as to previous payment of the $20,000 could not be contradicted by parol evidence, sustained a motion for nonsuit and dismissed the action.

Appellees insist that the judgment should be affirmed:

(a) Because plaintiffs abandoned their case and requested and consented to the said judgment. *Carrión* v. *Nadal*, 34 P.R.R. 294; *Sanders, Philippi, Ltd.* v. *Widow of Baigés & Sons*, 32 P.R.R. 786; *Schlüter* v. *Villafañe*, 41 P.R.R. 305; *Rosas* v. *Heirs of Bruno*, 41 P.R.R. 143; *Quevedo* v. *Segarra*, 38 P.R.R. 125; and 3 C. J., sections 333, 546, pp. 500, 673.

(b) Because plaintiffs by introducing in evidence the deed of reconveyance in which the vendors acknowledged that they had already received $20,000 in cash invited the error, if any, committed by the district court in refusing to permit plaintiffs to contradict this recital by oral evidence.

(c) Because the oral evidence was properly excluded. Here appellees rely on *Morales* v. *Díaz*, 24 P.R.R. 691.

(d) Because the error, if any, was not prejudicial.

From the stenographic record we take the following extract:

" . . . The court sustains the objection of the defendant as to the admission of the witness' statement with regard to the delivery. The

incident took place on the witness stating that he had promised to give him the money but failed to do so.

"Plaintiff.—The whole of my evidence hinges about the failure to deliver that money.

"Judge.—That is my construction of the law. I may be wrong perhaps, but I believe I am right in my construction of the law. I have heard you very patiently and I have been thinking . . .

"Plaintiff.—I must produce that evidence. They specifically controverted those allegations; the second amended complaint is there, I alleged that fact and this is the time to adduce my evidence. I have to show that Juan Monge did not receive the money, and the only evidence in my possession is his own statement to the effect that he has not received that money.

"Judge.—And that is the ruling of the court: that a deed containing the recital that a certain sum of money had been received having been admitted by the court, such statement can not be destroyed by parol evidence. Parol evidence can not destroy the efficacy of documentary evidence.

"Plaintiff.—Will Your Honor then allow me an exception?

"Judge.—Yes, let the stenographer make a note of it.

"Plaintiff.—Then I pray the court to enter judgment, because the evidence that I have to show that Juan Monge did not receive the $20,000 alleged in that deed to have been received by him before the execution thereof, is all parol evidence. I have no documentary evidence of that fact.

"Judge.—The court has not said that documentary evidence is necessary. Do not go beyond what the court has said. The court has simply stated that in its judgment the admission made in the deed offered by the plaintiff himself and admitted by the court can not be destroyed by parol evidence. What is the motion?

"Plaintiff.—That having only parol evidence to prove that Juan Monge had not received the $20,000 which he admits having received in the deed executed before notary Damián Monserrat y Suro, I can not proceed with the case and consequently move for a judgment.

"Defendant.—Does the plaintiff then waive the presentation of the rest of his evidence?

"Plaintiff.—I do not waive the presentation of the rest of my evidence. What I say is that if Your Honor sustains the objection of the other party that I can not introduce parol evidence then that is tantamount to Your Honor sustaining a demurrer for lack of a cause of action, because the only evidence I have to prove that the money was not received is the testimony of Juan Monge and Carlota Pastrana to the effect that they have not received that sum at all.

"Defendant.—Now the defendants pray the court to require the plaintiff to say whether or not he is going to introduce any other evidence, for the purpose of the coming motion of nonsuit, because he has not rested his case.

"Judge.—His motion is to the effect that the only evidence he has to offer is correlative to that which the court has refused to admit, and he rests his case.

"Plaintiff.—I advise the court that I have documentary evidence, but as I have been requested to introduce it in correlative order so as to prove step by step the different causes of action, that goes to the first, and that is why I have not presented the rest of the documentary evidence. In order to prove my first cause of action I put my principal witnesses on the stand to show that neither Juan Monge nor his wife, Carlota Pastrana, has ever received in whole or in part the $20,000 receipt of which was acknowledged by them according to that public instrument.

"Judge.—Do you rest your case with that?

"Plaintiff.—I rest my case.

"Defendant.—Then we pray the court to enter a judgment of nonsuit for failure on the part of the plaintiff to prove any of the three causes of action alleged in the complaint against these defendants or either of them.

"Judge.—And do you rest also?

"Defendant.—Yes, sir.

"Judge.—In that case the court sustains the motion of the defendant and enters judgment on the ground of the insufficiency of the evidence, dismissing the complaint, without costs."

As pointed out by counsel for defendants, in challenging the admissibility of the oral evidence to prove that Monge and his wife had never received the $20,000, plaintiffs' whole case turned upon this point. If the court, as clearly indicated by its ruling, did not intend to admit any such evidence, plaintiffs would have been wasting the time of the court and of all parties concerned by proceeding further with the case. The law does not require the doing of a vain and idle thing. The judgment rendered in the circumstances disclosed by the foregoing extract was not in any legal sense a consent judgment.

Plaintiffs, by introducing in evidence the deed of reconveyance, furnished the only basis upon which defendants could

object to oral evidence at variance with the recital contained in that instrument. Plaintiffs did not thereby induce the court to commit any error in ruling upon such objection.

We cannot agree with counsel for appellees that the oral evidence was properly excluded. In *Morales* v. *Díaz, supra,* a vendor was attempting to annul his deed of conveyance because the vendee had failed to keep an agreement to lend the vendor a certain sum of money. The vendee alleged that his promise to lend the vendor money was an independent agreement and the case turned upon this issue. The district court found for the defendant and in the opinion of this court the finding was fully justified by the evidence.

In the instant case it is an undisputed fact that the $20,000 was a part of the consideration. If, as plaintiffs allege, Rodríguez retained possession of that amount for the purpose of paying the bank's mortgage, his undertaking to discharge that obligation was a part of the consideration. In any event, his obligation to pay plaintiffs that amount, if he had not already paid them as stated in the deed, was certainly a part of the consideration.

In *Morales* v. *Díaz* this court was discussing the so-called parol evidence rule in its general aspect as embodied in section 25 of the Law of Evidence. That section deals specifically with "the terms of an agreement." The prohibition of the rule has no application to an acknowledgment of the receipt of money as the consideration for a contract. Such a recital is ordinarily the mere admission in writing of a party to the contract and as such prima facie evidence of what is so admitted. It may be disputed like any other admission. The doctrine of *Morales* v. *Díaz* has no application to the question now before us for the simple reason that the acknowledgment of receipt of the $20,000, said to have been previously paid to plaintiffs, was not one of the terms of the contract. The parol evidence rule does not exclude oral evidence, as to what was the real consideration for a deed of conveyance in the face of a recital to the contrary contained in the

deed. See 5 Wigmore on Evidence (2d edition) 313, section 2433; see also *Domínguez* v. *Nadal,* case No. 6042, decided today, and judgments numbers 266 and 76 of the Supreme Court of Spain of June 21, 1897, and June 6, 1899, respectively.

The contention that the error of the district court in excluding the oral evidence in question was harmless need not be separately discussed.

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.